## Mary C. Harney, Appellee, v. State Farm Mutual Automobile Insurance Company, Appellant.

Opinion filed February 1, 1932.

FLETCHER B. COLEMAN and GEORGE B. WHITE, for appellant.

D. L. DUTY, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee sued to recover for damages to her car alleged to have been caused by a collision with a quail. She carried insurance with appellant which insured her against accidental collision with any animal, vehicle, or the rolling stock of a public carrier. Appellant filed the general issue and the trial resulted in a verdict and judgment for $285.

Appellee testified that on August 20, 1930, she left her home in Marion and drove her car on the hard road to Harrisburg on her way to see a Mr. Brown who lived north of Carmi. Her father was with her.

She says that before they reached Harrisburg she noticed that her brakes were not working properly, but when she reached Harrisburg she did not have them examined. She says that when they were about a mile and a half south of Carmi she was driving at about 30 to 35 miles per hour when a quail flew from the left side of the road and hit the top of the radiator, or hood of her car; that she threw up her hands, put her foot on the brake and grabbed the steering wheel; that the brakes locked and she could not move the steering gear; that the car turned across the road, hitting the railings on the side of the road and when she came to the car was on the fence headed south. She had been driving north. On cross-examination she said she did not know whether the quail hit the car.

The accident occurred near the home of Mr. and Mrs. Adams. Appellee went to that home a very short time after the accident and talked to appellant's agent over the phone. Mrs. Adams says that appellee said, while talking on the phone, that something went wrong with her brakes or steering gear, but she said nothing about a quail flying against the car. Mrs. Adams also testified that in talking with appellee a few minutes later, appellee told her that she guessed she was driving too fast and lost control of the car. Mr. Adams took appellee to her home in Marion on the day of the accident and while doing so he testified that appellee told him that one of three things might have happened: That her brakes might have locked, or something went wrong with the steering wheel, or she lost control of the car; that she said nothing about a quail striking the car. Mr. Kizner was driving south and came upon the scene of the accident. He testified that he asked appellee what caused the accident and she replied that she guessed the steering wheel or brakes locked, and that she said nothing about a quail coming in contact with her car. Mr. Weirauch, a

maintenance patrolman on the hard road, came to the scene of the accident and talked with appellee. He testified that appellee told him she lost control of her car, set her brakes, and turned the car into the guard fence and that she said nothing about a quail flying against her car. Mr. Perry, appellant's agent at Marion, testified that appellee told him the cause of the accident was the steering wheel or brakes; that her car did not collide with anything and that she said nothing about a quail having hit her car.

Appellee did not deny any of the conversations aforesaid except the statement of Mrs. Adams that appellee told her she was running too fast and lost control of the car, and that she did not tell Mr. Perry that she did not collide with anything. It clearly appears that the verdict is manifestly against the weight of the evidence and the court erred in overruling a motion for a new trial. The judgment is reversed and the cause remanded.

*Reversed and remanded.*